**FILED**

MAR 1 0 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

District Court Of The United States

For The District Of Columbia

(Captioned pursuant to <u>Mookini v. U.S.</u>, 303 U.S. 201)

ANTHONY R. ROMERO #19267-031
    Plaintiff  F C I
    P O B  5000
    OAKDALE, LA. 71463

v.

U.S. Attorney General, et al.

    Defendants

:
:
:
:
:
:
:
:
:
:
:
:

Case: 1:08-cv-00417
Assigned To : Leon, Richard J.
Assign. Date : 3/10/2008
Description: Pro Se General Civil

Fed. I.D.# 19267-031

oOo

# C O M P L A I N T
## BY SPECIAL VISITATION

oOo

"Independent Action"

Brought to Vacate Void Judgment due to Lack of Subject-matter jurisdiction pursuantto Federal Rules of Civil Procedure, Rule 60 (b)(4).

oOo

    Petitioner, Anthony R. Romero , a citizen of the State of Kansas , an inhabitant and sovereign lawful man of the de jure <u>u</u>nited States, here in his **proper person**, not on behalf of (pro se) brings this **Independent Action**, not a motion  to vacate the civil judgment in a criminal case, issued from an administrative Federal District Corut, operating as a "State Court," on behalf of and under the Local Civil Rules of the Distirct of Columbia, due to lack of Subject Matter jurisdiction.

    This independent action arises under the Fifth ,Sixth and

1

Fourteent Amendments to the Constitution for the United States. Therefore, it is an **ORIGINAL CIVIL PROCESS** pursuant to Title 28, Section 1914(a), that requires a Three Hundred and Fifty Dollar ($350.00) filing fee, which has been included herewith.

Jurisdiction of this Article III Court

While this petitioenr's criminal case was conducted in an executive styled Federal District court utilixing the civil law mode of criminal procedure, on behalf of this legislative State of the District of Columbia, special notice should be taken to the caption of this Independent Action, which is spec-ifcially directed to the Article III district court of the United States pursuant to Mookini:

> "The term 'District Courts of the United States,' as used in the rules, without an additional expressing a wider connotation has its historiacl significance. It describes the constitutional courts created under Article III of the Constitution. Courts of the Terri-tories are legislative courts, properly speaking, and are not District Courts of the United States."

Mookini v. United States, 303 U.S. 201, 82 L.Ed. 748

The Federal district courts are courts of very limited jurisdiction but nonetheless empowered to make a lawful determi-nation as to the existence of subject-matter jurisdiction, when the absence of it, would infringe on the substantial rights of a sovereign citizen. Such as the case at bar.

Recently, the Supreme Court has expressed that Federal Rules of Civil Procedure, Rule 60(b) can be used procedurally to address subject matter jurisdiction concerns and remains available for use on void judgments.

> Rule 60(b) has an unquestionably valid role to play in
> habeas cases. The rule is often used to relieve parties
> from the effect of a default judgment mistakenly entered
> against them ...a function as legitimate in habeas cases
> as in run of the mill civil cases. the rule aslo preserves
> parties' opportunity to obtain a vacature of judgment that
> is void for lack of subject matter jurisdiction - a consi-
> deration just as valid in habeas cases as in any other
> since absence of jurisdiction altogether deprives a federal
> court of the power to adjudicate the rights of the parties.

Gonzales v . Crosby, (2005) 162 L.Ed.2d at 494

The Gonzales court becoms even more noteworthy since it
deals with the rights of an individual who had already filed
a 28 U.S.C. §2254 habeas petition and was facing the AEDPA
restrictions for filing a second or successive petition. The
United STates Supreme Court has now made it abundantly clear
that there are no procedural barriers for vacating judgments
void for lack of subject matter jurisdiction and Rule 60(b)
remains for that purpose.

The very last sentence of Federal Rules of Civil Procedure
Rule 60(b) states, "relief from a judgment shall be made by
motion as prescribed in these rules or by **INDEPENDENT ACTION.**"
Bills of reviwe, writs of coram vobis, and other common law
remedies are abolished and relief for an invalid or void judg-
ment must be secured by use of Rule 60(b).

That being said, petitioenr presents this **INDEPENDENT ACTION**
via Rule 60(b)(4), due to a civil judgment (in a so-called cri-
minal case), completely void of all subject matter jurisdiction.
In essence this 60(b) action is a "Writ of error" or "Writ of
right" sounding at law, not in equity. While this petitioner
is looking for equitable relief, that is far different than
a request for "in equity" relief.

Petitioner has never raised any of the jurisdictional issues contained within this Rule 60(b) action on either direct appeal or in a section 2255 motion. Since 28 U.S.C. §2255 wa enacted as an additioanl judicial remedy, by the 80th Congress, it is completely inadequate, even if relief by Rule 60(b) was not available. Under the 1976 Adoption of the "Rules Governing Section 2255 Proceedings," it is clearly stated, "a motion under §2255 is a further step in the movant's criminal case and not a seperate civil action." The moment the trial court allows a seperate civil docket number to be entered on a submitted §2255 motion, it is admitting that it is a quasi-judicial entity which does not have the jurisdiction to address the manifest constitutional injustice this Rule 60(b) action raises. For those who carefully read the law, not only is the assigning of a "designated related case" civil docket number, prima facie proof of the trial Court's lack of jurisdiciton ,the Rules Governing §2255 Proceeedings make it obvious that motions by section 2255 have become an exercise in futility.

Simply compare Rule 1, which requries filing into an Article III district court, with Rule 4 which requries the clerk to foward the §2255 motion to the judge who conducted the trial and sentencing proceedings for screening. The trial/sentencing judge or "judicial officer" was not operating pursuant to Article III, so compliance with Rule 1, is an impossibility, hence the assignment of the civil number, which is not authorized in both the §2255 statute or the Rules governing §2255 proceedings. If anything, Rule 60(b) appears to be the modern day substitute for what §2255 was suppose to accomplish.

While this independent action may appear to be "habeas" in nature, the application of Rule 60(b)(4) is quire appropriate pursuant to Gonzales, supra., for judgments void for lack of subject matter jurisdiction. A void judgment is always void, regardless of any otehr factors, and there are no time restrictions for filing an independent action pursuant to Rule 60 (b)(4). In addition, the burden of proof of demonstrating that subject matter jurisdiction ever existed falls squarely on the shoulders of the respondent. Moreover, since subject amtter jurisdiction is an essential fundamental element to any proceeding, the judge made doctrine of procedural default is inapplicable and the district court of the United States does have jurisdictio nto address the multiple due process violations this independent action raises. The "Erie Doctrine" the "Rule of Decisions Act," and te four catagories of "Abstention" are equally inapplicable in this matter specialized federal common law and both the written and unwritten policies of the State of the District of Columbia should be enjoined.

### Standing of Petitioner Requiring Article III Review

1.  Petitioenr was born in a sovereign union state and is domiciled in a union state making him a sovereign citizen of the United States pursuant to the Fourteenth Amendment.

2.  As a sovereign citizen of the Untied States this petitioner is guaranteed due proces of the law i nthe Fifth and Fourteenth Amendemnt to the Constitution.

3.  As a sovereign citizen this petitioner is guaranteed "Trial by Jury" in the Sixth Amendment and Article III.

4.  As a sovereign citizen this petitioner is guaranteed to retain all of his rights not enumerated in the Constitution

pursuant to the Ninth Amendment.

5.  Petitioenr maintains no continuous or systematic contact
    with the District of Columbia, beyond that of a casual
    relationship.

6.  Petitioner has no commercial activity within the District
    of Columbia.

7.  Petitioner bears no responsibility for any corporate bank-
    ruptcy he has not expressly signed.

8.  Petitioner cannot lawfully be found in the jurisdiction
    of the District of Columbia.

9.  Petitioner is not a member of citizen of the administrative
    society, body politic, or unincorporated association commonly
    known as the United States of America, by presumption or
    otherwise.

10. Petitioner meets the "injury in fact" requirements set
    forth by the United States Supreme Court.

11. Petitioenr maintains no aliases or "legal fictions" The
    use of an idem sonans or ens legis for this petitioner
    is done without his consent and petitioner states herein,
    by specific negative averment, that only the real person,
    spelled proeprly in upper and lower calse letters has
    representative capacity for this petitioner, who is a
    natural person with unalienable rights.

12. Petitioner is a "foreign State" pursuant ot Title 28 §1603
    who has an actual controversy, not a civil dispute, with
    the "Legislative State" of the District of Columbia as
    established at Title 4 §112(12).

13. Petitioner can not find/nor has any respondend or agent
    produced any proof that the petitioenr knowingly or volu-
    natraily signed an International Maritime contract/agree-
    ment or instrument that created the attachment of equity
    jurisdiction between the corproate UNITED STATES and the
    petitioner.

## Venue and Other Concerns

There are no venue concerns in regards to this **Independent
Action.** There is also no need for forum conveines, there is
either subject matter jurisdiction or there isn't subject matter
jurisdcition.

This Rule 60(b) action does not present any case or controversy with the UNITED STATES as a party. In fact, though this petitioner has named a respondent in this action in the captions, this Article III court could easily make an "ex parte" ruling, if it desires to.

This petitioenr is not requesting a Federal District Court to review a judgment issued from another Federal District Court. This petitioenr is requesting the Article III district court of the United States to declare the "civil justice" obtained JUDGMENT of a state court, operating out of a Federal District, VOID for lack of both personal and subject-matter jurisdiction. While personal jurisdiciton can be waived, by exploitation of ignorance, the due process of law required to obtain and maintain subject matter jurisdiciton is not waivable. The plain manifest constitutional error this action will demonstrate didn't just result in a voidable judgment but a judgement that was always void from its inception.

A judgment is void when it is beyond a court's power to render and a "State" Court's power to act must be ousted when it runs afoul of the due process guarantees of the Constitution. When a "precinct" or "State" court for the Dsitrict of Columbia chooses to proceed, in thse circumstances, its actions are not merely erroneous, but beyon its power, void, and subject to collateral attack. This independent action must not be considered a petition for "habeas corpus" and petitioner is not asking for release from incarceration as releif. Additionally this Rule 60(b) **Independent Action** should not be construed to be

a civil complaint pursuant to the "Prison Litigation Reform
Act (PLRA)" of 1995.

Petitioner is not seeking monetary damages via the PLRA
and the only relief, this independent action seeks is a voiding
of the "civil" JUDGMENT and refunding of any special assessment
fees that may have been payed as a result of the invalid judgment.
This district court has jurisdiction over this Rule 60(b) action
pursuant ot Title 28, Section 1331, as well as the Constitution
itself, and Gonzales has paved the way procedurally for this
cout to act on judgments that are void due to lack of subject
matter jursidcition. There is no valid reason for this action
to undergo "state law review" "a civil justice process," or
any proceeding or procedures outside the common law due process
provided by the Constitution and the Bill of Rights.


## Summary Introduction

While this petitioner can demonstrate lack of subject matter
jurisdiction in numerous ways, this independent action only
raises two simple points. (1) There was no valid grand jury
indictment ever returned by a true constitutional grand jury
and ... (2) there was no "Trial by Jury" ever held pursuant
to the Constitution and Bill of Rights.

## History of Law

Our founding fathers were brilliant men who had seen the judicial injustice occuring in the much dreaded Star Chamber courts, where judges acting without juries could perform outrageous deeds. Ambitious judges loyal to the crown and currying executive favor could and did become tools for tyranny. This is why due process and the importance of juries appears in no less than three amendments - The Fifth, Sixth, and Seventh. In addition, the Northwest Ordinance was secured in its entirety by Article VI, ¶ 1 of the Constitution making it organic law and part of the "Supreme Law of the Land".

> The inhabitants of the said territory shall always be entitled to the benefits of the writ of habeas corpus, and of **trial by jury**; of a proportionate representation of the people in the legislature; and of **judicial proceedings according to the course of the common law**...No man shall be deprived of his liberty or property but by the **judgment of his peers** or the law of the land.... (emphasis added)

Article 2 - Northwest Ordinance of July 13, 1787

Unfortunately, even though this petitioner is guaranteed due process by the supreme Law of the Land, he did not have "Trial by Jury" pursuant to the Sixth Amendment and Article III of the Constitution. Nor did this petitioner have "judicial proceedings according to the course of the common law". Finally petitioner has no choice but to challenge subject matter jurisdiction by using Rule 60 (b) of the Federal Rules of Civil Procedure since the benefits of the writ of habeas corpus are even procedurally barred by the non-judicial executive District Courts operating on behalf of the District of Columbia. The "appearance of justice" was not what the Framers had in mind when they drafted our Constitution. In perhaps the best written Supreme Court decision in the last one hundred years, Justice Scalia beautifully

layed out the difference between common law and civil law in _Crawford_

_v. Washington_, (2004) 541 U.S. 36, 158 L.Ed 2d 177, 124 S.Ct. 1354

    _Crawford_ is drafted some two hundred years plus since our

Constitution, yet the message remains the same. The importance that

our founding fathers placed on due process must never be disregarded.

_Crawford_ while discussing the confrontation clause of the Sixth

Amendment went on to condemn the civil law mode of criminal procedure

which is currently in use by our Federal Justice System:

> (1) The confrontation clause had to be interpreted while
> keeping in mind the inference, underlined(supported by history) that
> the principal evil at which the clause was directed was
> the civil-law mode of criminal procedure;...(emphasis added)

    _Crawford_, supra, 158 L.Ed 2d at page 179

Just two months after _Crawford_, Justice Scalia once again demonstrated

the importance of common law in another opinion he delivered:

> There is not one shred of doubt, however, about the Framers
> paradigm for criminal justice, not the civil-law ideal of
> administrative perfection, but the common-law ideal of limited
> state power accomplished by strict division between judge
> and jury. (emphasis added)

    _Blakely v. Washington_, (2004) 542 U.S. 296, 159 L.Ed. 2d

at page 421, 124 S.Ct. 2531

The Supreme Court has been consistent when it comes to due process,

the Fifth and Sixth Amendments and sovereign rights protected by our

Constitution. It is clear that due process is as important today as

it was over 200 hundred years ago. It is also cited in multiple

Supreme Court cases, that without due process there is no subject

matter jurisdiction, (i.e. - see _Johnson v. Zerbst_, (1938) 304 U.S.

458, 58 S.Ct. 1019)

    As this independent action will adequately demonstrate, the most

fundamental due process rights that establish personal and subject

matter jurisdiction were violated from the inception of the case.

There was no Lawful Indictment Pursuant to the Fifth Amendment
Leaving the Charging Instrument <u>Void of Subject Matter Jurisdiction</u>
in Southern District of                            **No**

The Grand Jury clause in the Fifth Amendment to the Constitution

for the United States reads as follows:

> No person shall be held to answer for a capital or
> otherwise infamous crime unless on a presentment or
> indictment of a Grand Jury, except in cases arising
> in the land or naval forces, or in the Militia, when in
> actual service in time of War or public danger; nor shall
> any person be subject for the same offense to be twice
> put in jeopardy of life or limb; nor shall be compelled
> in any criminal case to be a witness against himself,
> <u>nor be deprived of life, liberty, or property, **without**</u>
> <u>due process of law;</u> nor shall private property be taken
> for public use, without just compensation. (emphasis added)

<u>Fifth Amendment to the Constitution for the United States</u>

The key words are in emphasis, supra, "without due process of

law". Subject matter jurisdiction is conferred by the Constitution and

statutes and relates directly to the court's power to adjudicate an

issue. What is not covered by statutes are often covered by the Federal

~~Rules of Civil and Criminal Procedure. To a certain degree, the Rules~~

are even more important than laws, since when the two collide the

Rules prevail. (see Title 28 § 2072 (b))

The Fifth Amendment grand jury right serves a vital function in

providing for a body of citizens, a necessary check on prosecutorial

power. Without it, prosecutors would essentially have a free hand to

do whatever they pleased and the rights of the sovereign would be

compromised as a result. Federal Rule of Criminal Procedure No. 6 is

in place to preserve due process as it outlines the proper procedure

for convening and operating both a federal and special grand jury.

Criminal Rule No. 6 was amended in 2000 and 2002, but at the

time of this petitioner's INDICTMENT, it read as follows on page 7-

Federal Rule of Criminal Procedure No. 6

(b) Objections to Grand Jury and Grand Jurors.

(1) Challenges. The attorney for the government or a defendant who has been held to answer in the district court may challenge the array of jurors on the ground that the grand jury was not selected, drawn or summoned in accordance with law, and may challenge an individual juror on the ground that the juror is not legally qualified. Challenges shall be made before the administration of the oath to the jurors and shall be tried by the court. (emphasis added)

(c) Foreperson and Deputy Foreperson. The court shall appoint one of the jurors to be foreperson and another to be deputy foreperson. The foreperson shall have power to administer oaths and affirmations and shall sign all indictments. The foreperson or another juror designated by the foreperson shall keep a record of the number of jurors concurring in the finding of every indictment and shall file the record with clerk of the court, but the record shall not be made public except on order of the court. During the absence of the foreperson the deputy foreperson shall act as foreperson.

(f) Finding and Return of Indictment. An indictment may be found only upon the concurrence of 12 or more jurors. The indictment shall be returned by the grand jury to a federal magistrate judge in open court. If a complaint or information is pending against the defendant and 12 jurors do not concur in finding an indictment, the foreperson shall so report to a federal magistrate judge in writing forthwith. (emphasis added)

A careful examination of the above Rules will demonstrate several violations of due process of law in addition to violation of statute. More importantly, it will be demonstrated that there never was any subject matter jurisdiction in petitioner's case pursuant to a valid indictment that was in conformity with the above Rules.

As Title 28 § 1867 allows for challenging the petit jury selection before the voir dire examination and taking of any oaths, Criminal Rule 6(b)(1) similarly allowed for challenging the array of grand jurors before the administration of the oath to the jurors. This is a clear requirement of the due process of law and petitioner, nor his counsel, were ever noticed of any grand jury convening effectively denying him this fundamental right. The opportunity to determine if the grand jurors were "worthy accusers" was completely denied this petitioner. Of course, this violation of Criminal Rule 6(b)(1), in and of itself, would probably not constitute an indictment rendered void of subject matter jurisdiction. Indeed one can even take the position that this petitioner waived his right to challenging the grand jury array by not objecting at an earlier date. However, this is only the beginning of the matter, and as will be demonstrated, the cumalative violations of multiple provisions of Criminal Rule No. 6, resulted in a completely invalid, not defective INDICTMENT.

Federal Criminal Rule 6(c) - requires a member of the grand jury to file the voting concurrence forms with the clerk of the court. While the specific voting records themselves are not for public viewing, there should at a minimum be an entry somewhere, indicating that the voting records were at least filed. This petitioner could not locate any entry on the master docket showing compliance with this rule. Moreover, the clerk of the court appears to have no knowledge of Criminal Rule 6(c) when questioned about the voting records. The master docket simply indicates that an INDICTMENT was filed. There appears to be no way of verifying who "voted on it" or "filed it". Petitioner deduces that a prosecutor filed it, since lawful indictments are returned, not filed, in an open court proceeding pursuant to Criminal Rule 6(f).

Of course, one can simply cross-check Criminal Rule 6 (c) against Criminal Rule 6 (f) quite easily. If the appointed grand juror in charge of filing the concurrence forms/voting records with the clerk innocently forgot to do his job, there would still be a record pursuant to Criminal Rule 6 (f). Any interested party should be able to acquire a copy of the **open court** proceeding transcript, where the grand jury as a body is required to return an indictment to a federal magistrate judge. Criminal rule 6 (f) is very specific and mandates that the indictment be returned to a magistrate. There is no provision within it which allows for this process to be skipped. To insure the integrity of the grand jury proceedings and **open court** proceedings a court reporter must keep an electronic recording or transcript by statute.

§ 753  Reporters  (28 U.S.C.)

(b) Each session of the court and every other proceeding designated by **rule** or order of the court or by one of the judges shall be recorded verbatim by shorthand, mechanical means, electronic sound recording, or any other method...Proceedings to be recorded under this section include (1) all proceedings in criminal cases had in open court; (2) all proceedings in other cases had in open court unless the parties with the approval of the judge shall agree specifically to the contrary... (emphasis added)

Since Criminal Rule 6 (f) mandates that the indictment be returned in **open court** petitioner felt it prudent to define exactly what the words open court represents -

Open court. Common law requires a trial in open court; "open court" means a court to which the public have a right to be admitted. People v. Rose, 82 Misc.2d 429, 368 N.Y.S.2d 387,390. This term may mean either a court which has been formally convened and declared open for the transaction of its proper judicial business, or a court which is freely open to spectators.

Black's Law Dictionary - Sixth Edition

Proper court and law ethics would also require the plaintiff's

attorneys to **notify** this petitioner's counsel of an **open court** proceeding occuring regarding his or her client. Though the Supreme Court has made the importance of "Notice" plainly clear in several of its decisions, counsel for the Government chose to ignore the notification process required in Criminal Rule 6 (b) (1) and Rule 6 (f).

There appears to be an even more serious problem. Upon contacting the court reporter's office, this petitioner has uncovered the fact that there is no transcript of any **open court** proceeding having ever taken place where an indictment was returned against this petitioner. Not only did the grand jury fail to appear as an entire body in front of a federal magistrate judge as required by Criminal Rule 6 (f) at the time of petitioner's INDICTMENT, there is no record of a single grand juror appearing at an **open court** proceeding as mandated by the current amended Criminal Rule 6 (f).

These violations of Criminal Rule 6(b)(1), 6 (c) and 6 (f) when taken togther demonstrate error so fundamental to our Constititonal protections that the INDICTMENT rendered cannot be considered a lawful indictment at all. This was not a defect in form only that can be waived away by calling it minor procedural error. The due process violations of the Fifth Amendment and Criminal Rule 6 resulted in a charging instrument fatal from its inception and completely lacking in subject matter jursidiction. Defects can be corrected, however there is no cure for an invalid indictment created out of whole cloth, instead of due process of law. This violation of petitioner's substantial rights comes directly under Federal Rule of Criminal Procedure No. 52(a), not (b), which mandates correction when you remove the double negative. (Delete the word "not" and the prefix "dis" from the word "regarded" in Rule 52 (a) to arrive at the proper meaning). Unfortunately for the plaintiff's attorneys, the only correction for an INDICTMENT void

for <u>lack of subject matter jurisdiction</u> is a **vacatur of the** judgment.

Criminal Rule 52 (a) mandates that any error or irregularity that effects substantial rights <u>must</u> be regarded. An INDICTMENT conceived by zealous prosecutors instead of the due process of law of a lawfully empowered grand jury pursuant to the Fifth Amendment, is <u>well-beyond</u> the requirements needed to vacate the judgment in this matter.

The multiple errors that occurred by a complete disregard of Criminal Rule No. 6 so deeply prejudiced this petitioner's substantial rights, that it **"affected the fairness, integrity, or public reputation of judicial proceedings"**. (This bold-typed description, supra, is exactly verbatim what the Supreme Court opinioned in <u>United States v. Cotton,</u> (2002) 535 U.S. 625, 152 L.Ed.2d 260, 122 S.Ct. 1781 as a non-tolerable violation of due process of law.)

Since it is not realistic to accept that a federal magistrate judge, the prosecutors, the members of the grand jury, and even the court reporters decided to completely disregard the Rules and the law, this petitioner can only arrive at one conclusion by deductive reasoning. The grand jury process used to INDICT this petitioner must have been a non-judidial proceeding done by a **quasi SPECIAL GRAND JURY** completely outside the due process requirements of the Constitution and Criminal Rule No. 6, operating in the course of the civil law.

Subject matter jurisdiction <u>never lawfully</u> existed pursuant to a lawful Fifth Amendment authorized Grand Jury, and the Federal Rules of Criminal Procedure were apparantly not applicable to the irregular civil justice system that was used. The INDICTMENT that was used in petitioner's criminal case is void for lack of subject matter jurisdiction, unconstitutional as applied, and even appears to be evidence of fraud being committed upon the trial Court.

There was no Lawful Trial by Jury Held Pursuant to the Sixth
Amendment Leaving the Trial Court <u>Without Subject Matter Jurisdiction</u>
in Southern District of Texas                    **No.**

In addition to Article III of the Constitution and the Northwest
Ordinance, due process of law is outlined in the Sixth Amendment.

> In all criminal prosecutions, the accused shall enjoy the right
> to a speedy and public trial, by an impartial jury of the State
> and district wherein the crime shall have been committed, which
> district have been previously ascertained by law, and to be
> <u>informed</u> of the nature and cause of the accusation; to be con-
> fronted with the witnesses against him; to have compulsory process
> for obtaining witnesses in his favor, and to have the Assistance
> of Counsel for his defense. (emphasis added)

<u>Sixth Amendment to the Constitution for the United States</u>

Even if there had been a lawful indictment in petitioner's case, the
trial Court lost any and all <u>subject matter jurisdiction</u> it may have
had when it held "trial **with** a jury (by the Court)", instead of true
"Trial **by** Jury" as mandated by Article III of the Constitution and the
Sixth Amendment. Perhaps the trial Court had no choice but to conduct
a quasi-judicial proceeding, in the course of the civil law, due to
~~the plaintiff's attorneys failing to provide a proper indictment as~~
authorized by the Fifth Amendment and Criminal Rule No. 6.

The procedural due process fundamental to protecting this Citizen's
rights pursuant to proper Trial by Jury partially include:

1. jurors take an oath to the Constitution, not the court.
2. judges guide and instruct in the law, but don't <u>charge</u> the jury.
3. court is only in session when the jury is present.
4. citizens are provided with <u>notice</u> of **nature and cause** pursuant
   to the Sixth Amendment, not **nature and circumstance.**
5. citizens can take "counsel" with any individual of their choice
   and are not restricted to "attorneys-at-law". (bar members)
6. the accused receive criminal prosecutions done in the course
   of **the common law** in a judicial court of the United States, <u>not</u>
   a **criminal proceeding done in the course of the civil law** in a
   non-judicial Court, operating on behalf of a legislative State.

None of the listed above was followed at this petitioner's trial
and this petitioner has <u>only</u> listed a small fraction of the due process

requirements of Trial by Jury.  All parties present at this petitioner's trial failed to inform this petitioner that his Constitutional guarantee to Trial by Jury was being waived. This was a violation of the mandate the United States Supreme Court delivered some 70 years ago, where even a jury of eleven instead of twelve , was not permissable without the consent of the criminal defendant.

> Before any waiver of the right of one charged with crime to **trial by jury** can become effective, the **consent** of government counsel and the **sanction of the court** must be had, in addition to the express and intelligent consent of the defendant, and the duty of the trial court in that regard is not to be discharged as a mere matter of note, but with sound and advised discretion, with an eye to avoid unreasonable or undue departures from that mode of trial, or from any of the essential elements thereof, and with a caution increasing in degree as the offenses dealt with increase in gravity.  (emphais added)

Patton v. United States, (1930) 281 U.S 276, 74 L.Ed. 854

Without due process there is no subject matter jurisdiction. This is especially true with the due process defined by the Bill of Rights. To insure the integrity of the judicial process, juries in the early years of our great nation , were considered part of the judiciary. Jurors, not the judge were finders of both the fact and the law.  In 1788, the very popular Anti-Federalist Maryland Farmer, noted the awesome responsibility given jurors and stated that although ordinary folk were "much degraded in the powers of the mind...", jury service would uplift them, "...Give them power and they will find understanding to use it." In opposite to this, the jury in petitioner's CRIMINAL CASE, did not find the law or the facts, but functioned as some form of advisory jury, where the facts that they were allowed to find was totally controlled by the Court. Clearly, he who controls

the evidence controls the outcome and the Court usurping fact-finding authority from the jury is plainly seen by simply reviewing the JUDGMENT IN A CRIMINAL CASE which states:

> The Court adopts the factual findings and guidelines application in the presentence report.

This above statement from the JUDGMENT, by itself, should be enough to render the judgment void for lack of subject matter jurisdiction. The trial Court adopting as fact, the findings of an employee of the Department of Justice, instead of calling upon an impartial jury of twelve, and then using that information to determine the length of time a person should be incarcerated for is a complete and total disregard of the due process required by the Sixth Amendment. In fact, this act clearly makes the trial Court in petitioner's case, part of the Executive branch, not the Judicial branch of Government.

There can be no doubt that the trial Court was not operating under Article III of the Constitution and there is no seperation-of-powers violations to address. There is simply no lawful jurisdiction. There is no provision in the Constitution that would allow for any quasi= judicial criminal proceedings held in the civil law mode of procedure. Judicial proceedings for one to be punished for a crime must be held in the common law and any allowance for punishment without a judicial trial is a Bill of Attainder expressly forbidden by Article 1 § 9 of the Constitution. This petitioner does not need a recent case such as Blakely, supra at page 5, to demonstrate that a Sixth Amendment violation leaves the Court void of jurisdiction, this was addressed over a hundred years ago.

> The finding of issue of fact by the court upon the evidence is altogether unknown to a common law court and cannot be recognized as a judicial act; such questions are **exclusively for the jury**. (emphasis added)
> Rogers v. United States, (1891) 141 U.S. 548, 35 L.Ed. 853, 12 S.Ct. 91

Petitioner was obviously not charged with a crime against the United States which requires that criminal prosecutions be held in the course of the common law. Rather, a UNITED STATES DISTRICT COURT, operating as a "State" court for the District of Columbia, held its civil law mode of criminal procedure style trial, using presumption that petitioner was subject to it, for violation of the administrative criminal **policies** of the UNITED STATES OF AMERICA. This system of justice runs afoul of the due process of law provided by the Constitution, leaving the trial Court **without subject matter jurisdiction**, and is unconstitutional as applied. Additionally this petitioner has a Ninth Amendment right not to be subject to the use of "presumptions" by the legislative State of the District of Columbia,

Regardless whether the trial Court was authorized by the Local Civil Rules of the District Of Columbia or any "deck" for miscellaneous cases, ancillary jurisdiction, pending related case, supplementary rules, special proceedings, standing orders, internal memos, "contempts constituting crimes", tort laws, and any other District of Columbia policy or procedure, the entire trial process that was used against this petitioner was in violation of constitutional due process, thereby making it **void** and **without jursidiction**.

By _presuming_, this petitioner is a member of the special purpose entity, body politic called the UNITED STATES OF AMERICA, the municipal Government defacto, has unlawfully subjected this petitioner, a Citizen of the United States and member of the body sovereign, government de jure, to a non-judicial trial done in the course of the civil law. Petitioner is guaranteed "due process of law", _not_ "prevailing usages of law" by the supreme Law of the Land, and there was no valid jurisdiction in petitioner's CRIMINAL CASE at the indictment, trial, or sentencing stage.

## Summary and Conclusion

Petitioner has only raised two issues in this 60(b) action in regards to subject matter jurisdiction. Clearly, there are many many more examples that this petitioner did not bother to cite. The UNITED STATES OF AMERICA cannot "do away" with the Constitution of the United States, which is still very much, **the Law of the Land.** If anything it appears that the body politic/body corporate is warring with the body soveriegn. Federalism should not erode the due process of law, as it has now done, ever so gradually, over the last seventy years.

Perhaps Supreme Court Justices O'Connor and Rehnquist decided that they would leave a remedy in place before they departed the Court. Gonzalez is one of the very last cases that both justices would ever participate in as active Supreme Court Justices. Surprisingly both O'Connor and Rehnquist joined the majority in the Gonzalez opinion, where traditionally you would expect both of these justices to be on the opposing side of a Justice Scalia rendered opinion, that didn't further "State" interests. No matter what the motivation, there can be no doubt that Rule 60(b) is and remains, available procedurally for judgments **void for lack of subject matter jurisdiction** pursuant to the majority's opinion in Gonzalez.

To re-iterate, petitioner's most fundamental rights to due process of law, as outlined in the Northwest Ordinance; Fifth, Sixth, Ninth, and Fourteenth Amendments to the Constitution; and Articles I and III of the same instrument, have been violated. This manifest constitutional injustice resulted in there being no subject matter jurisdiction from the very beginning of petitioner's quasi-judicial proceedings. Proceedings that were done in the course of the civil law, instead of the common law, in complete disregard of the guarantees in the Northwest

ordinacne. Therefore, in the interest of justice, this petitioner
requests the following relief be granted by Article III District
Court of the United States (District of Columbia):

1.  That the "civil" JUDGMENT IN A CRIMINAL CASE issued
    from a State corm operating from a Federal District
    Court, be **Vacated** due to complete lack of subject
    matter jurisdiction caused by the use of an instrument
    labeled an INDITCMENT, and a process that was VOID from
    it's inception.

2.  Refunding of any and all "Special Assessment" fees,
    that were chared due to the invaslid JUDGMENT.

3.  Compliance with Title 28 § 1657(a), causing this court
    to give this independent action it's higest priority
    for "good cause" due to manifest constitutional injustice
    deomonstrated throughout this action.

For the court's convenience, Plaintiff has attached a copy
of the JUDGMENT AND COMMITMENT to this Rule 60(b) action.

Also included are the Affidavits of Truth that were filed/
recorded with the Clerk of the Court and Mailed by Certified Mail,
and signed received by the Defendants in this matter.

This independent action is presented as all facts within
it as being true, correct and not misleading, under the pains
and penalties of perjury pursuant to Title 28 §1746.

                              Resepctfully,

                              *Anthony R. Romero*

                              Anthony R. Romero

## NOTARIZED OATH

### VERIFICATION OF IDENTITY

Anthony R. Romero #19267-031 _____ , first being duty sworn, deposes
and says: that he/she is the affiant herein, and that he/she has
raed the forgoing **NOTICE OF AFFIDAVIT OF** 60(b)(4) Void Judgment
for the release submitted to the agency listed on the coverpage
there of. That the Identification and Data Submited for this request
is true and correct upon the personal knowledge of the affiant and
the verifiable identifiaction is submitted herein.

"Without Prejudice"

_Anthony R. Romero_
REQUESTOR / Affiant

### JURAT

I the below scribed Notary Public do hereby and herewith
certify that the foregoing Affidavit of Denial of Corporate
Existence was scribed and sworn to before me on this 18 day
of February 20 08. C.E.

_____
Notary Public
My Commission Expires: with life

Cindy Fontenot, Notary Public
#061653
Allen Parish, Louisiana
My commission is for life.

## CERTIFICATE OF SERVICE

I, _____ , hereby cartify that on this ____
day of _____ 20___ that I mailed the foregoing true
and correct copy of _____ ; By
Special Appearance, by way of first class, postage pre-paid,
United States mail to the following:


United States Attorney
D. Blair Watson — *ASSISTANT*
1200 Epic Center
Wichita, Kansas 67202


United States District Court
204 United States Courthouse
401 North Market Street
Wichita, Kansas 67202-2000


Independent 3rd Party (even as Notary)




_____ , sui juris
Authorized Representative
A Free and Sovereign Man

F
08-417
RJL

JS-44
(Rev.1/05 DC)

**CIVIL COVER SHEET**

---

**I (a) PLAINTIFFS**

ANTHONY R. ROMERO   pro per   88858

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  88888
(EXCEPT IN U.S. PLAINTIFF CASES)

PRO SE (PR)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Pro - Per

**DEFENDANTS**

UNITED STATES ATTORNEY GENERAL etal

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRA...

ATTO...

Case: 1:08-cv-00417
Assigned To : Leon, Richard J.
Assign. Date : 3/10/2008
Description: Pro Se General Civil

---

**II. BASIS OF JURISDICTION**

(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government
   Plaintiff

☒ Federal Question
   (U.S. Government Not a Party)

☒ U.S. Government
   Defendant

☐ 4 Diversity
   (Indicate Citizenship of Parties
   in item III)

**\* The State is a Party**

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☒ | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

**IV. CASE ASSIGNMENT AND NATURE OF SUIT**

(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**☐ A. Antitrust**

☐ 410 Antitrust

**☐ B. Personal Injury/Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**☐ C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**☐ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

\*(If Antitrust, then A governs)*

---

**☐ E. General Civil (Other) OR ☒ F. Pro Per**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☒ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| □ G. *Habeas Corpus/* 2255 | □ H. *Employment Discrimination* | □ I. *FOIA/PRIVACY ACT* | □ J. *Student Loan* |
|---|---|---|---|
| □ 530 Habeas Corpus-General<br>□ 510 Motion/Vacate Sentence | □ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | □ 895 Freedom of Information Act<br>□ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | □ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| □ K. *Labor/ERISA (non-employment)* | □ L. *Other Civil Rights (non-employment)* | □ M. *Contract* | □ N. *Three-Judge Court* |
|---|---|---|---|
| □ 710 Fair Labor Standards Act<br>□ 720 Labor/Mgmt. Relations<br>□ 730 Labor/Mgmt. Reporting & Disclosure Act<br>□ 740 Labor Railway Act<br>□ 790 Other Labor Litigation<br>□ 791 Empl. Ret. Inc. Security Act | □ 441 Voting (if not Voting Rights Act)<br>□ 443 Housing/Accommodations<br>□ 444 Welfare<br>□ 440 Other Civil Rights<br>□ 445 American w/Disabilities-Employment<br>□ 446 Americans w/Disabilities-Other | □ 110 Insurance<br>□ 120 Marine<br>□ 130 Miller Act<br>□ 140 Negotiable Instrument<br>□ 150 Recovery of Overpayment & Enforcement of Judgment<br>□ 153 Recovery of Overpayment of Veteran's Benefits<br>□ 160 Stockholder's Suits<br>□ 190 Other Contracts<br>□ 195 Contract Product Liability<br>□ 196 Franchise | □ 441 Civil Rights-Voting (if Voting Rights Act) |

**ᵛ. ORIGIN**

| ☒ Original Proceeding | □ 2 Removed from State Court | □ 3 Remanded from Appellate Court | □ 4 Reinstated or Reopened | □ 5 Transferred from another district (specify) | □ Multi district Litigation | □ 7 Appeal to District Judge from Mag. Judge |
|---|---|---|---|---|---|---|

**ᵛI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 USC 1361 ~~Federal R. Civ. Pro. 60 (b) (4).~~

**ᵛII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS  □  ACTION UNDER F.R.C.P. 23   **DEMAND $**   Check YES only if demanded in complaint
**JURY DEMAND:** □ YES  ☒ NO

**ᵛIII. RELATED CASE(S) IF ANY** N.F.   (See instruction)   □ YES ☒ NO   If yes, please complete related case form.

DATE **3.10 08**   SIGNATURE OF ATTORNEY OF RECORD   *not signed*

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips or completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.