FILED

MAR 1 8 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTHONY R. ROMERO, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 08-0417 (RJL) |
| | ) |
| U.S. ATTORNEY GENERAL, | ) |
| | ) |
| Respondent. | ) |
| | ) |

## MEMORANDUM OPINION
(March 17, 2008)

In this "Independent Action," petitioner, a prisoner at the Federal Correctional Institution

in Oakdale, Louisiana, seeks to "Vacate Void Judgment due to Lack of Subject-matter

jurisdiction pursuant to" Rule 60(b)(4) of the Federal Rules of Civil Procedure.  Complaint at 1.

The only reasonable interpretation of this "Complaint by Special Visitation" is that petitioner is

challenging a judgment of conviction on the erroneous belief that the sentencing court lacked

subject-matter jurisdiction.[1]

Judicial review of a federal conviction and sentence is available under 28 U.S.C. § 2255,

which states as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is
> authorized to apply for relief by motion pursuant to [§ 2255] shall not be entertained
> if it appears that the applicant has failed to apply for [§ 2255] relief, by motion, to the
> court which sentenced him, or that such court has denied him relief, unless it also

---

[1]  In his statement for relief, petitioner seeks vacation of "'the 'civil' JUDGMENT IN A
CRIMINAL CASE issued from a state corm operating from a Federal District Court . . . caused
by the use of an instrument labeled an INDICTMENT, and a process that was VOID from its
inception" and "[r]efunding of any and all 'Special Assessment' fees that were charged due to the
invalid JUDGMENT."  Compl. at 22 (capitalization in original).

appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255.  *See Taylor v. United States Board of Parole,* 194 F.2d 882, 883 (D.C. Cir. 1952) (attack on the constitutionality of the statute under which defendant was convicted and sentenced is properly pursued by motion under 28 U.S.C. § 2255); *Ojo v. Immigration & Naturalization Service,* 106 F.3d 680, 683 (5th Cir. 1997) (the sentencing court is the only court with jurisdiction to hear defendant's complaint regarding errors that occurred before or during sentencing).

In the absence of any basis for finding petitioner's remedy under § 2255 inadequate or ineffective, this civil court lacks jurisdiction to entertain the petition as an "independent action" under Rule 60(b).  *See Woodford v. Garceau,* 538 U.S. 202, 208 (2003) ("The Federal Rules of Civil Procedure apply in the context of habeas suits to the extent that they are not inconsistent with the Habeas Corpus Rules."); Fed. R. Civ. P. 81(a)(4) (2007) (civil rules of procedure applicable "to the extent that the practice in [habeas] proceedings is not specified in a federal statute . . . or the Rules Governing Section 2255 Cases").

Because petitioner's recourse lies in the sentencing court, the Court dismisses the case for want of jurisdiction.  A separate order accompanies this Memorandum Opinion.

RICHARD J. LEON
United States District Judge